UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                 Case No. 23-CR-33

SHELTON W. LARKIN, JR.,

        Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Stephen A. Ingraham, Assistant United States Attorney, and the defendant, Shelton W. Larkin, Jr., individually and by attorney Dennise Moreno, Associate Federal Defender, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in eight counts of an eight-count indictment, which alleges violations of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

3.     The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.     The defendant voluntarily agrees to plead guilty to Count Six of the indictment, which is set forth in full as follows:

## COUNTS ONE THROUGH EIGHT

**THE GRAND JURY CHARGES THAT:**

1. On or about the following dates, in the State and Eastern District of Wisconsin,

**SHELTON W. LARKIN, JR.,**

in connection with the acquisition of firearms from federal licensees, knowingly made a false and fictitious written statement intended and likely to deceive the licensees as to a fact material to the lawfulness of the sale and disposition of the firearms under the provisions of Chapter 44 of Title 18, United States Code.

2. Specifically, in connection with the purchase and attempted purchase of the firearms described below, Shelton W. Larkin, Jr. falsely stated on the Firearms Transaction Record (ATF Form 4473) that he was not an unlawful user of a controlled substance, when in fact, he was an unlawful user of a controlled substance.

| Count | Date | Federal Firearms Licensee | Firearm(s) |
|---|---|---|---|
| Six | 10/19/21 | Wisconsin Firearms & Transfers Lannon, Wisconsin | Glock, Model G19, 9mm pistol Serial number BSXU682 Glock, Model G26, 9mm pistol Serial number AFYU346 |

Each in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense charged in Count Six of the indictment. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

2

On October 19, 2021, Shelton Larkin purchased a Glock, model G19, 9mm pistol, bearing serial number BSXU682, and a Glock, model G26, 9mm pistol, bearing serial number AFYU346, from Wisconsin Firearms & Transfers, a FFL in Lannon, Wisconsin. On the ATF Form 4473, Larkin marked "no" to question 21e that asked if he was an unlawful user of, or addicted to, marijuana. Larkin later admitted during an interview with law enforcement on September 14, 2022, that he smokes marijuana three times per week and first started smoking marijuana about three years before.

On October 28, 2021, Milwaukee police officers conducted a traffic stop on a vehicle for heavily tinted windows at 31xx S. 24th Street in Milwaukee and saw the passenger holding a firearm and tossing it in the back seat. Officers identified SG as the driver and KB as the passenger. In the backseat, officers saw a firearm next to some marijuana. SG and KB told officers the firearms in the vehicle belonged to Shelton Larkin. Officers searched the vehicle and found: a Glock, model G19, 9mm pistol, bearing serial number BSXU682; a Glock, model G26, 9mm pistol, bearing serial number AFYU346; a Springfield Armory, model XDM Elite, 9mm pistol, bearing serial number BA468341; and 5.20 grams of marijuana. Apparently because he lived right nearby and would have seen matters unfold at the traffic stop, Shelton Larkin walked over to the vehicle and admitted that the firearms and some of the marijuana found in the vehicle, totaling 2.14 grams, belonged to him. A trace of the firearms revealed that Larkin purchased the two Glocks on October 19 and the Springfield Armory pistol on October 1.

On September 14, 2022, law enforcement spoke with Shelton Larkin at his residence. Larkin admitted that he currently did not own any firearms and had three firearms seized by the Milwaukee Police Department when he had some marijuana with them. Larkin admitted that he smokes marijuana a few times a week and first started smoking about three years before. Larkin thought he purchased five or six additional firearms over the past year, but he has since sold all the firearms because he needed money to pay his bills after he lost his job. Larkin admitted that he sold a couple of firearms to an acquaintance's boyfriend, JM. Larkin showed law enforcement the social media messages where the two men had arranged for the sales of the firearms. At the time of the sales, JM did not have any felony convictions that would have appeared through a public CCAP search, but he previously had been adjudicated delinquent of a felony as a juvenile on September 14, 2022, and was sentenced to 18 months' imprisonment.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## **PENALTIES**

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: Count Six, ten years and $250,000. The count carries a mandatory special assessment of $100. Count Six

3

also allows the court to impose at least three years of supervised release to follow any term of imprisonment.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNTS

8. The government agrees to move to dismiss Counts One through Five and Seven and Eight of the indictment at the time of sentencing.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of making a false material statement to a federally licensed firearms dealer in connection with the purchase of a firearm, as charged in Count Six, the government must prove beyond a reasonable doubt the following elements:

> <u>First</u>, the defendant made a false statement in connection with the acquisition of a firearm from a licensed firearms dealer;
> <u>Second</u>, the defendant did so knowingly; and
> <u>Third</u>, the statement was intended to or likely to deceive the dealer with respect to any fact material to the lawfulness of the sale or other disposition of the firearm.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The defendant acknowledges and agrees that his attorney has discussed the potentially applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16. The parties agree to recommend to the sentencing court that the base offense level for the offense charged in Count Six is 14 pursuant to Sentencing Guidelines Manual § 2K2.1(a)(6).

## Specific Offense Characteristics

17. The parties further agree to recommend to the sentencing court that the defendant is eligible for a four-level increase because the offense involved ten firearms, pursuant to Sentencing Guidelines Manual § 2K2.1(b)(1)(B).

## Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed;

the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; and any other matters not specifically addressed by this agreement.

21. The parties agree to jointly recommend a sentence of probation.

## Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that nether the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in

the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

### Special Assessment

25.     The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Forfeiture

26.     The defendant agrees that the firearms listed in the Forfeiture Notice of the indictment was involved in the defendant's violation of 18 U.S.C. § 922(a)(6) charged in Count Six to which the defendant has agreed to plead guilty. The defendant, therefore, agrees to the forfeiture of the firearms under 18 U.S.C. § 924(d) and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in the listed firearms. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

### DEFENDANT'S WAIVER OF RIGHTS

27.     In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

    a.    If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b.    If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government

        establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

    c.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not she was persuaded of defendant's guilt beyond a reasonable doubt.

    d.    At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

    e.    At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

28. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

29. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

30. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth

Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### **Further Civil or Administrative Action**

31. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### **GENERAL MATTERS**

32. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

33. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

34. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

35. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed.

The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

36. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

37. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

11

Case 2:23-cr-00033-PP   Filed 05/20/24   Page 11 of 12   Document 52

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 5/16/2024

SHELTON W. LARKIN, JR.
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 5/16/2024

DENNISE MORENO
Attorney for Defendant

For the United States of America:

Date: 5/20/24

GREGORY J. HAANSTAD
United States Attorney

Date: 5/20/24

STEPHEN A. INGRAHAM
Assistant United States Attorney

12